OPINION OF THE COURT
Memorandum.
The judgment appealed from and the order of the Appellate Division brought up for review should be affirmed, with costs.
This action arises out of plaintiff Dime Savings Bank’s foreclosure of a mortgage it held on a “qualified leasehold condominium” unit in the Hudson View Towers, one of only two such condominium complexes authorized in this State pursuant to Real Property Law § 339-e. The distinguishing feature of this form of condominium ownership is that, while the units themselves, together with their common interest, are deemed real property (see, Real Property Law § 339-g) the land on which they stand is owned by the Battery Park City Authority. The Authority leased the property to Hudson pursuant to an 85 year ground lease. Hudson collected ground rent as part of the common charges paid by each condominium unit. The unit owner here defaulted on mortgage payments to Dime Bank, which financed his purchase of the unit, and payments of common charges to Hudson. The Authority argues that its claim for past due rents is entitled to priority over the mortgage. The Appellate Division rejected the Authority’s position, and we agree.
Given the unique nature of the property interests involved, and the comprehensive, integrated contractual obligations undertaken by the various parties, standard principles of landlord-tenant law do not adequately resolve this case. The Appellate Division (217 AD2d 299) looked to the condominium declaration, the ground lease and Real Property Law § 339-z and correctly concluded that the Authority agreed to subordinate its interest in the property to that of first mortgagee of the individual units. Dime issued a mortgage to the unit owner in expectation of the Authority’s junior lien position. To hold otherwise would seriously impair the ability to finance purchases of these units.
Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
Judgment appealed from and order of the Appellate Division brought up for review affirmed, with costs, in memorandum.