*482 OPINION OF THE COURT
Janice L. Bowman, J.
Plaintiff, assignee-mortgagee, moves for an order directing that the tenant of a condominium located at 1563 Unionport Road, Unit 4A, Bronx, New York (subject unit), turn over all rents to the plaintiff. The defendant Board of Managers of the Parkchester South Condominium, Inc. (Parkchester), which sets forth the bylaws of the subject unit, opposes the motion. For the reasons set forth, the plaintiffs motion is denied.
Discussion
As an initial matter, it should be noted that neither of the parties requested the court’s permission to serve and file sur-replies. Consequently, the sur-reply and sur sur-reply were not considered in rendering this decision and order.
The plaintiff brought this action for a mortgage foreclosure on the subject unit, based on the unit holder’s default on the mortgage payments. The plaintiff financed the unit holder’s purchase of the unit. The unit holder also defaulted on his payments of common charges to Parkchester. Parkchester obtained a judgment lien on the subject unit.
The plaintiff contends that the tenant occupying the subject property is required to tender the rent to the plaintiff based on a mortgage provision authorizing it to collect rents in the event that the mortgagor defaulted under the terms of the mortgage. Parkchester contends that the condominium’s bylaws provide that it is entitled to rent for the subject premises upon the owner’s failure to pay common charges. Parkchester argues that its claim for past due common charges and subsequent judgment lien against the rent is entitled to priority pursuant to Real Property Law § 339-kk, authorizing condominium associations to obtain all rental payments from a tenant where the nonoccupying owner rents a dwelling unit and fails to make payments due for common charges.
Defendant Parkchester’s contention that their judgment lien is superior to the plaintiffs mortgage lien is erroneous. Real Property Law § 339-kk defines the rights of condominium associations as against those of unit owners and not as to rights against first mortgagees. Moreover, Real Property Law § 339-kk clearly provides that the section does not limit unit owners’ rights under any other law or agreement. Real Property Law § 339-z, however, makes clear that where a board of managers of a condominium holds a lien for unpaid common charges, such *483 lien is inferior to a first mortgage of record. A review of statutory and case law history evinces the courts’ and the Legislature’s emphasis on first mortgagee’s interest over and above all other liens. In Dime Sav. Bank v Pesce (93 NY2d 939, 941), the Court of Appeals held that the condominium association’s interest in rent was subordinate to the first mortgagee’s interest. CPLR 5203 (a) (2) clearly provides that a mortgage given to secure the payment of the purchase price of the judgment debtor’s interest in the property prevails over judgment creditor’s interest even if the judgment creditor is first in time. (United States v Miller, 400 F Supp 1080, 1083 [SD NY 1975].) This is true even if the judgment debtor comes into the ownership of real property after several judgments have been docketed against him in the realty county. (Hulbert v Hulbert, 216 NY 430 [1916].) “If the method of the judgment debtor’s acquisition is purchase, and as part of the price he gives back a purchase money mortgage, the mortgagee, under paragraph 2 of CPLR 5203(a), takes a right superior to that of the previously docketed judgment, and a foreclosure of the purchase money mortgage gives the buyer * * * [title] free of the judgment creditor’s lien.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5203:5, at 115.) In the case at bar, the plaintiff, as mortgagee, takes a right superior to defendant Parkchester. Plaintiff, as assignee of the mortgage and note, is entitled to whatever priority his assignor would have had. (Flushing Fed. Sav. & Loan Assn. v Kapner, 206 Misc 564 [Sup Ct, Queens County 1954].)
However, since there is still a pending foreclosure action, this motion is premature.
Accordingly, the plaintiffs motion is denied.